**FILED**

**JANUARY 9, 2008**
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**08 C 204**

| | |
|---|---|
| DARRELL M. JONES, | |
| Plaintiff, | |
| v. | No. |
| A. L. PRICE #7552, P. T. QUINN #4646, C. MITCHELL #6304, and the CITY OF CHICAGO, | **JUDGE BUCKLO**<br>**MAGISTRATE JUDGE SCHENKIER** |
| Defendants. | |

## COMPLAINT AT LAW

NOW COMES the PLAINTIFF, by and through the LAW OFFICES OF BLAKE HORWITZ, LTD., and pursuant to this Complaint at Law, states the following against the above named Defendants, to wit A. L. PRICE #7552, P. T. QUINN #4646, C. MITCHELL #6304 (hereinafter the "DEFENDANT OFFICERS"), and the CITY OF CHICAGO.

### JURISDICTION

1.    The jurisdiction of the court is invoked pursuant to the Civil Rights Act, 42 U.S.C. § 1983; the Judicial Code, 28 U.S.C. §1331 and §1343(a); the Constitution of the United States; and this Court's supplementary jurisdiction powers.

### PARTIES

2.    PLAINTIFF is a resident of the State of Illinois and of the United States.

3.    The DEFENDANT OFFICERS were at all times relevant hereto employed by and acting on behalf of the CITY OF CHICAGO.

4.    The CITY OF CHICAGO is a duly incorporated municipal corporation and is the employer and principal of the DEFENDANT OFFICERS as well as the other officers and/or

employees referred to in this Complaint.  At all times material to this complaint, the DEFENDANT OFFICERS were acting under color of state law, ordinance and/or regulation, statutes, custom and usages of the CITY OF CHICAGO.

## FACTS

5.      On or about January 19, 2007, some or all of the DEFENDANT OFFICERS were engaged in an unreasonable seizure of the PLAINTIFF.  This conduct violated the Fourth Amendment to the United States Constitution.

6.      On or about January 19, 2007, PLAINTIFF did not obstruct justice, resist arrest and/or batter and/or assault any of the DEFENDANT OFFICERS.

7.      The show of force initiated by and/or the failure to intervene in the use of said force by the DEFENDANT OFFICERS caused an unreasonable seizure to the PLAINTIFF.

8.      The DEFENDANT OFFICERS charged and/or participated in the charging of PLAINTIFF with criminal activity, and arrested, participated in the arrest and/or failed to prevent the arrest of the PLAINTIFF notwithstanding the fact that the DEFENDANT OFFICERS failed to observe and/or learn that PLAINTIFF had committed criminal activity of any sort.  The DEFENDANT OFFICERS did not have probable cause to believe that criminal activity took place relative to the PLAINTIFF.  The DEFENDANT OFFICERS also caused and/or participated in the towing and impoundment of PLAINTIFF'S vehicle without probable cause.

9.      On or about May 24, 2007, in an administrative hearing between the Defendant CITY OF CHICAGO and the Plaintiff regarding the impoundment of PLAINTIFF'S vehicle, an Administrative Law Officer determined that the City failed to meet its burden, i.e. that there was no probable cause for the charge of solicitation against PLAINTIFF.  The CITY OF CHICAGO is

collaterally estopped in this cause of action from arguing there was probable cause for the charge of solicitation against PLAINTIFF.

10. On or about January 19, 2007, PLAINTIFF had not committed an act contrary to the laws of the State of Illinois.

11. As a direct and proximate result of one or more of the aforesaid acts or omissions of the DEFENDANT OFFICERS, PLAINTIFF was caused to suffer damages.

12. In addition, as a direct and proximate result of one or more of the aforesaid acts or omissions of the DEFENDANT OFFICERS, PLAINTIFF'S criminal history incorrectly reflects a finding of guilty as to the January 19, 2007 solicitation charge, despite the fact that PLAINTIFF was found not guilty. Records reflect the finding of not-guilty, as well.

13. On or about January 19, 2007, the DEFENDANT OFFICERS were on duty at all times relevant to this complaint and were duly appointed police officers for the CITY OF CHICAGO. The DEFENDANT OFFICERS engaged in the conduct complained of, on said date, in the course and scope of employment and while on duty. This action is being brought with regard to the individual capacity of the DEFENDANT OFFICERS.

14. Upon information and belief, the DEFENDANT OFFICERS, on or about January 19, 2007, came into physical contact with PLAINTIFF.

**CONSPIRACY**

15. Some or all of the DEFENDANT OFFICERS conspired to cause damage to PLAINTIFF in the following manner:

    a. agreeing to falsely arrest and/or falsely institute criminal charges/proceedings against the PLAINTIFF;

    b. agreeing to have PLAINTIFF'S car impounded and towed without probable cause;

    c.   agreeing not to report each other after falsely arresting
        and/or charging PLAINTIFF;

    d.   generating false documentation to cover-up for their own
        and each other's misconduct;

16.    In connection with the above conspiracy, the DEFENDANT OFFICERS specifically

engaged in communication on or about January 19, 2007, whereby the DEFENDANT OFFICERS

agreed to facilitate, engage in and support the activity which occurred in connection with the

allegations immediately above.  As a result of this conspiracy, the DEFENDANT OFFICERS by

and through their conduct, proximately caused PLAINTIFF to, *inter alia*, suffer injury, be

charged with criminal allegations, incur financial loss, including attorney's fees, and suffer

emotionally.

### EQUAL PROTECTION

17.    PLAINTIFF was a "Class of One."  In that regard, PLAINTIFF was treated with ill will

and/or discriminated against with no rational basis.  PLAINTIFF was intentionally treated

differently as a result of having a potential claim and witnessing police misconduct attributable to

the DEFENDANT OFFICERS.  The DEFENDANT OFFICERS acted with discriminatory intent

by treating PLAINTIFF differently and trying to cause further injury to PLAINTIFF by

generating false evidence against PLAINTIFF.  Further, PLAINTIFF was similarly situated to

other individuals involved in incidents with police officers that were not the victims of police

misconduct and/or potential claimants against Chicago Police Officers.

### COUNT I
### §1983 False Arrest

18.    PLAINTIFF re-alleges paragraphs 1 – 17 as though fully set forth herein.

19.    The actions of the DEFENDANT OFFICERS caused the arrest of the PLAINTIFF

without probable cause to believe that PLAINTIFF committed criminal activity.  Therefore, the

conduct of the DEFENDANT OFFICERS was in violation of the Fourth Amendment to the United States Constitution.

20.     The aforementioned actions of the DEFENDANT OFFICERS were the direct and proximate cause of the Constitutional violations set forth above.

WHEREFORE, PLAINTIFF demands compensatory damages from the DEFENDANT OFFICERS.  PLAINTIFF also demands punitive damages, costs and attorney's fees against the DEFENDANT OFFICERS.  PLAINTIFF also demands whatever additional relief this Court deems equitable and just.

## COUNT II
## False Arrest –State Claim

21.     PLAINTIFF re-alleges paragraphs 1 – 17 as though fully set forth herein.

22.     The DEFENDANT OFFICERS arrested PLAINTIFF without probable cause to believe that PLAINTIFF committed criminal activity.  The conduct of the DEFENDANT OFFICERS was in violation of the Constitution to the State of Illinois as well as Illinois law.

23.     The aforementioned actions of the DEFENDANT OFFICERS were the direct and proximate cause of the violations set forth above.

WHEREFORE, PLAINTIFF demands compensatory damages from the DEFENDANT OFFICERS.  PLAINTIFF also demands punitive damages and costs against the DEFENDANT OFFICERS.  PLAINTIFF also demands whatever additional relief this Court deems equitable and just.

## COUNT III
## Malicious Prosecution - State Claim

24.     PLAINTIFF re-alleges paragraphs 1 – 17 as though fully set forth herein.

25.    The DEFENDANT OFFICERS alleged that PLAINTIFF violated the laws of the State of Illinois.  These allegations commenced or continued a criminal proceeding against PLAINTIFF. These allegations were also the basis for the impoundment of PLAINTIFF'S vehicle.

26.    The DEFENDANT OFFICERS engaged in this effort without probable cause.

27.    The underlying criminal charges were ultimately resolved in favor of PLAINTIFF.

28.    The underlying criminal charges were resolved in a manner indicative of innocence.

29.    The administrative hearing regarding the impoundment was ultimately resolved in favor of the PLAINTIFF.

30.    The aforementioned actions were the direct and proximate cause of the violations of Illinois State Law, as set forth above.

WHEREFORE, PLAINTIFF demands compensatory damages from the DEFENDANT OFFICERS.  PLAINTIFF also demands punitive damages and costs against the DEFENDANT OFFICERS.  PLAINTIFF also demands whatever additional relief this Court deems equitable and just.

## COUNT IV
### § 1983 Equal Protection – Class of One

31.    PLAINTIFF re-alleges paragraphs 1 – 17 as though fully set forth herein.

32.    The actions of THE DEFENDANT OFFICERS violated the Equal Protection clause to the United States Constitution.

33.    The aforementioned actions of said OFFICERS were the direct and proximate cause of the constitutional violations set forth above.

WHEREFORE, PLAINTIFF demands compensatory damages from the DEFENDANT OFFICERS.  PLAINTIFF also demands punitive damages, costs and attorney's fees against the

DEFENDANT OFFICERS.  PLAINTIFF also demands whatever additional relief this Court

deems equitable and just.

### COUNT V
### 745 ILCS 10/9-102 Claim Against the CITY OF CHICAGO

34.     PLAINTIFF re-alleges paragraphs 1 – 17 as though fully set forth herein.

35.     Defendant CITY OF CHICAGO is the employer of the DEFENDANT OFFICERS

alleged above.

36.     The DEFENDANT OFFICERS, as alleged above, committed the acts under color of law

and in the scope of employment of the CITY OF CHICAGO.

WHEREFORE, should the DEFENDANT OFFICERS be found liable for any of the

alleged counts in this cause, PLAINTIFF demands that, pursuant to 745 ILCS 10/9-102, the

CITY OF CHICAGO pay PLAINTIFF any judgment obtained against the DEFENDANT

OFFICERS as a result of this complaint.

### COUNT VI
### Supplementary Claim for *Respondeat Superior*

37.     PLAINTIFF re-alleges paragraphs 1 – 17 as though fully set forth herein.

38.     The aforesaid acts of the DEFENDANT OFFICERS were in the scope of employment

and therefore the Defendant CITY OF CHICAGO, as principal, is liable for the actions of its

agent(s) under the doctrine of *respondeat superior*.

WHEREFORE should the DEFENDANT OFFICERS be found liable for any state claims

alleged herein, Plaintiff demands judgment against the CITY OF CHICAGO and such other

additional relief, as this Court deems equitable and just.

### COUNT VII
### Injunctive Relief

39.     PLAINTIFF re-alleges paragraphs 1 -17 as though fully set forth herein.

40.     The actions of THE DEFENDANT OFFICERS were the direct and proximate cause of the incorrect entry of a disposition of guilty regarding the solicitation charge on PLAINTIFF'S criminal history.

41.     This record on PLAINTIFF'S criminal history is incorrect and prejudicial and damaging to the PLAINTIFF.

WHEREFORE, PLAINTIFF demands that the incorrect entry of a guilty finding regarding the charge of solicitation be removed from PLAINTIFF'S criminal history record. PLAINTIFF also demands costs and attorney's fees against the DEFENDANTS and whatever additional relief this Court deems equitable and just.

**Plaintiff demands trial by jury.**

Respectfully submitted,

s/ Blake Horwitz_____
Attorney for the Plaintiff
Blake Horwitz

**THE LAW OFFICES OF BLAKE HORWITZ, LTD.**
155 N. Michigan Ave., Suite 723
Chicago, IL  60601
(312) 616-4433
(312) 565-7173 (Fax)