IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DARRELL M. JONES, | ) |
| | ) No: 08 C 204 |
| Plaintiff, | ) |
| | ) JUDGE BUCKLO |
| v. | ) |
| | ) MAGISTRATE JUDGE SCHENKIER |
| CITY OF CHICAGO, Et. al., | ) |
| | ) Jury Demand |
| Defendants. | ) |

INDIVIDUAL DEFENDANTS' 12(b)(6) MOTION TO DISMISS
COUNT IV "§ 1983 EQUAL PROTECTION - CLASS OF ONE" OF
PLAINTIFF'S COMPLAINT

Individual Defendant Police Officers A.L. Price, P.T. Quinn, C. Mitchell ("Individual Defendants") and Defendant City of Chicago, by and through their attorney, Joel G. Sandoval, Assistant Corporation Counsel of the City of Chicago, pursuant to the Federal Rules of Civil procedure 12(b)(6), respectfully move this honorable Court to dismiss Count IV of Plaintiff's Complaint for failure to state a cognizable claim under the equal protection clause. In support of this motion, Defendants submit the following:

STATEMENT OF THE CASE

On January 9, 2008, Plaintiff filed a seven count complaint against Individual Defendants and the City of Chicago, which includes Count IV § 1983 Equal Protection - Class of One. Plaintiff alleges that he was "treated with ill will and/or discriminated against with no rational basis". *See* Doc. No. 1, *Complaint*, ¶ 17, 32 and 33 . Additionally, Plaintiff alleges that he was "treated differently as a result of having a potential claim and witnessing police misconduct". *Id.* Plaintiff alleges that he was "similarly situated to other individuals involved in incidents with

1

police officers that were not the victims of police misconduct and/or potential claimants against Chicago Police Officers." Id.  Plaintiff's claim is premised entirely on his arrest and charge of a Municipal Code Violation, MCC §8-8-060, Street Solicitation For Prostitution, on January 19, 2007 from an undercover Chicago Police Officer.

## STANDARD OF REVIEW

The purpose of a motion to dismiss is to test the sufficiency of the complaint, not to decide its merits. *Triad Associate v. Chicago Housing Authority*, 892 F.2d 583, 586 (7th Cir. 1989). In deciding a motion to dismiss under Fed. R. Civ. P. 12(b)(6), all well-pleaded factual allegations of the complaint will be accepted as true and construed in the light most favorable to the plaintiff. *White v. City of Markham*, 310 F.3d 989, 992 (7th Cir.2000), *Doherty v. City of Chicago*, et. al., 75 F.3d 318, 322 (7th Cir. 1996).

A complaint need not contain detailed factual allegations, but it must provide a defendant with "fair notice of what...the claim is and the grounds upon which it rests." *Bell Atlantic Corp. V. Twombly*, 127 S.Ct.1955, 1964, *quoting Conley v. Gibson*, 355 U.S. 41, 47(1957). "[A] complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations," but plaintiff must make sufficient "factual allegations...to raise [his] right to relief above the speculative level. *Id* at 1964-1965.

## ARGUMENT

1.  REPETITIVE CLAIMS

Plaintiff has alleged an Equal Protection, Class of One, claim. *See* Doc. No. 1, *Complaint*. Plaintiff's claim is premised entirely on his arrest and charge of a Municipal Code Violation, MCC §8-8-060, Street Solicitation For Prostitution, on January 19, 2007 from an undercover Chicago

2

Police Officer. Plaintiff alleges that he "was intentionally treated differently as a result of having a potential claim and witnessing police misconduct attributable to Defendant Officers". Id. The misconduct that plaintiff refers to is his alleged false arrest. While it is not clear from the plaintiff's complaint, other similarly situated individuals are those arrested for soliciting an undercover police officer for a sex act. Those individuals, it is alleged, "were not the victims of police misconduct and/or potential claimants against Chicago Police Officer". Id. Since Plaintiff has already plead a section§ 1983 false arrest claim, attaching an additional constitutional label for the same claim is repetitive.

The Seventh Circuit has dealt with the issue of repetitive claims with different constitutional labels. In *Lindell v. Huibregtse*, an inmate brought a § 1983 suit claiming violations to his first amendment free speech right when prison officials disciplined him for having a copy of the 88 precepts, a text he described as essential to his religious belief. *Lindell v. Huibregtse*, 205 Fed.Appx. 446, 448 (7th Cir. 2006). Plaintiff in *Lindell* also made an equal protection claim based on the same facts. The court reasoned that "Lindell's constitutional claims are founded on the first amendment, and not other constitutional provision". *Id* at 449. The court found that plaintiff could not "save or expand those claims by attaching an additional constitutional label to them". *Id* at 450, see also *Conyers v. Abitz*, 416 F.3d 580 (7th Cir. 2005). Constitutional claims must be addressed under the most applicable provision. *Id* citing *Graham v. Connor*, 490 U.S. 386 (1989). Plaintiff incorporates paragraphs 1 - 17, which includes Equal Protection, into his Count I § 1983 False Arrest claim and his Count II False Arrest-State claim. Since plaintiff in this matter has plead a false arrest claim, and following the *Lindell decision*, Count IV should be dismissed.

2.   SIMILARLY SITUATED

3

Under the facts pled in the complaint, plaintiff has failed to state any claim in his Count IV § 1983 Equal Protection, Class of One, cause of action. Equal protection claims may be brought by a "class of one", where the plaintiff alleges that she has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment or the cause of disparate treatment is a "totally illegitimate animus" toward the plaintiff by the defendant. *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000)(citations omitted). A "class of one" plaintiff bears the burden or proving that he has suffered intentional, irrational, and arbitrary discrimination. *Bell v. Duperrault*, 367 F.3d 703, 707 (7th Cir. 2004) (citing Olech, 528 U.S. at 564-65).

A "class of one" Plaintiff must demonstrate that individuals similarly situated are identical to him in every meaningful respect. *Sellers v. City of Gary*, 453 F.3d 848, 850 (7th Cir. 2006). "It is clear that similarly situated individuals must be very similar indeed". *Id* citing *McDonald v. Vill. of Winnetka*, 371 F.3d 992, 1002 (7th Cir. 2004). To be considered similarly situated, compared individuals must be "prima facie identical in all relevant respects". *Id* at 851. The facts discussed in *Sellars* illustrate this standard.

In *Sellars*, a firefighter previously employed by the City of Gary, Indiana, filed a "class of one" equal protection suit against Defendant City of Gary. Plaintiff alleged that he was entitled to health insurance benefits for retirees which became effective in 2003 even though his fixed date of retirement had been designated April 1, 1997. When insurance coverage was denied, Plaintiff filed his complaint. Six employees had retired from December 31, 2004 and January, 2005, and upon retirement were given a "retirement Checklist" which asked whether they wanted to participate in the City Health Plan. Plaintiff had not received a similar form. Plaintiff argued that

4

he was similarly situated to six retiree and form recipients. The Seventh Circuit affirmed the district courts finding that Plaintiff had not sustained his burden of demonstrating that he was treated differently than similarly situated employees. "To prove his class of one discrimination claim, Sellars was required to make out a prima facie case. Without evidence of at least one similarly situated employee, Sellars has failed to show any disparate treatment he may have suffered was improper. *Id* citing *Racine Charter One, Inc. v. Racine Unified Sch. Dist.*, 424 F.3d 677, 681-83 (7th Cir.2005) "unfortunately for the plaintiff, his argument fails because he has not shown that others were actually similarly situated."

In this matter, Plaintiff has stated a "class of one" equal protection claim without pleading any information necessary to identify similarly situated individuals. Given the nature of the complaint, Defendant should not be forced to speculate as to which individuals are similarly situated. Plaintiff states that he was "similarly situated to other individuals involved in incidents with police officers that were not the victims of police misconduct and/or potential claimant against Chicago Police Officer." *See* Doc. No. 1, *Complaint*, ¶ 17. Plaintiff's complaint does not need detailed factual allegations," but plaintiff must make sufficient "factual allegations...to raise [his] right to relief above the speculative level". *Bell Atlantic Corp. v. Twombly,* 127 S.Ct.1955, 1964, *quoting Conley v. Gibson,* 355 U.S. 41, 47(1957). The class of similarly situated persons plaintiff describes in extraordinarily broad. It includes anyone with whom the Chicago Police have had contact and who were not the victims of wrongful conduct. Plaintiff claims that he was subject to wrongful conduct, thus putting him in a different situation that those he proposes to compare himself with. Since Plaintiff fails to sufficiently identify those individual similarly situated, Count IV should be dismissed as a matter of law.

WHEREFORE, Individual Defendants and Defendant City of Chicago respectfully request this honorable Court dismiss Count IV of Plaintiff's Complaint for failure to state a cognizable claim under the equal protection clause.

Respectfully Submitted,

/s/   Joel G. Sandoval
Joel G. Sandoval
Assistant Corporation Counsel

City of Chicago Department of Law
30 North LaSalle Street, Suite 1400
Chicago, Illinois 60602
312.742.5146
Attorney No.: 06290664