IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DARRELL M. JONES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 08 C 204 |
| | ) | |
| A. L. PRICE #7552, P. T. QUINN #4646, | ) | |
| C. MITCHELL #6304, and the | ) | Judge Bucklo |
| CITY OF CHICAGO, | ) | |
| | ) | Magistrate Judge Schenkier |
| Defendants. | ) | |

**DEFENDANTS' ANSWER, 12(b)(6) DEFENSES, AFFIRMATIVE DEFENSES AND**

**JURY DEMAND TO PLAINTIFF'S COMPLAINT**

NOW COMES, the Defendants, Chicago Police Officers A. Price # 7552, P. Quinn # 4646, C. Mitchell # 6304 (hereinafter referred to as "Individual Defendants") and Defendant City of Chicago, by and through their attorney, Joel G. Sandoval, Assistant Corporation Counsel for the City of Chicago, respectfully submit the following answers to Plaintiff's complaint.

**JURISDICTION**

1. The jurisdiction of the court is invoked pursuant to the Civil Rights Act, 42 U.S.C. § 1983; the Judicial Code, 28 U.S.C. §1331 and §1343(a); the Constitution of the United States; and this Court's supplementary jurisdiction powers.

**ANSWER:** Individual Defendants and Defendant City of Chicago admit that this court has jurisdiction.

**PARTIES**

2. PLAINTIFF is a resident of the State of Illinois and of the United States.

**ANSWER:** Individual Defendants and Defendant City of Chicago are without knowledge or information sufficient to form a belief as to the truth of paragraph 2 of

**Plaintiff's complaint.**

3. The DEFENDANT OFFICERS were at all times relevant hereto employed by and acting on behalf of the CITY OF CHICAGO.

**ANSWER:   Individual Defendants and Defendant City of Chicago admit the allegation of paragraph 3 of Plaintiff's complaint.**

4. The CITY OF CHICAGO is a duly incorporated municipal corporation and is the employer and principal of the DEFENDANT OFFICERS as well as the other officers and/or employees referred to in this Complaint.  At all times material to this complaint, the DEFENDANT OFFICERS were acting under color of state law, ordinance and/or regulation, statutes, custom and usages of the CITY OF CHICAGO.

**ANSWER:   Individual Defendants and Defendant City of Chicago admit the allegation of paragraph 4 of Plaintiff's complaint.**

## FACTS

5. On or about January 19, 2007, some or all of the DEFENDANT OFFICERS were engaged in an unreasonable seizure of the PLAINTIFF.  This conduct violated the Fourth Amendment to the United States Constitution.

**ANSWER:   Individual Defendants and Defendant City of Chicago deny the allegations of this paragraph.**

6. On or about January 19, 2007, PLAINTIFF did not obstruct justice, resist arrest and/or batter and/or assault any of the DEFENDANT OFFICERS.

**ANSWER:   Individual Defendants and Defendant City of Chicago admit that Plaintiff was not arrested on charges of obstructing justice, resisting arrest, battery, and/or assault, but deny that he was arrested without probable cause**.

7. The show of force initiated by and/or the failure to intervene in the use of said force by the DEFENDANT OFFICERS caused an unreasonable seizure to the PLAINTIFF.

**ANSWER:   Individual Defendants and Defendant City of Chicago deny the**

allegations of this paragraph.

8.     The DEFENDANT OFFICERS charged and/or participated in the charging of PLAINTIFF with criminal activity, and arrested, participated in the arrest and/or failed to prevent the arrest of the PLAINTIFF notwithstanding the fact that the DEFENDANT OFFICERS failed to observe and/or learn that PLAINTIFF had committed criminal activity of any sort. The DEFENDANT OFFICERS did not have probable cause to believe that criminal activity took place relative to the PLAINTIFF. The DEFENDANT OFFICERS also caused and/or participated in the towing and impoundment of PLAINTIFF'S vehicle without probable cause.

**ANSWER:   Individual Defendants admit arresting Plaintiff and charging Plaintiff with criminal conduct. Individual Defendants admit towing and impounding Plaintiff's vehicle but deny "without probable cause". Individual Defendants deny the remaining allegations of this paragraph. Defendant City of Chicago admits that Individual Defendants arrested Plaintiff and charged Plaintiff with criminal conduct. Defendant City admit Individual Defendants towed and impounded Plaintiff's vehicle but deny "without probable cause". Defendant City of Chicago denies the remaining allegations of this paragraph.**

9.     On or about May 24, 2007, in an administrative hearing between the Defendant CITY OF CHICAGO and the Plaintiff regarding the impoundment of PLAINTIFF'S vehicle, an Administrative Law Officer determined that the City failed to meet its burden, i.e. that there was no probable cause for the charge of solicitation against PLAINTIFF. The CITY OF CHICAGO is collaterally estopped in this cause of action from arguing there was probable cause for the charge of solicitation against PLAINTIFF.

**ANSWER:   Individual Defendants P. Quinn # 4646, C. Mitchell # 6304 are without knowledge or information sufficient to form a belief as to the truth of the allegation in this paragraph. Individual Defendant A. Price # 7552 and Defendant City of Chicago admit that on May 24, 2007, The City found plaintiff not liable at an impoundment hearing but deny the remaining allegations of this paragraph. Individual Defendants and Defendant**

3

City of Chicago deny the remaining allegations of this paragraph.

10. On or about January 19, 2007, PLAINTIFF had not committed an act contrary to the laws of the State of Illinois.

**ANSWER: Individual Defendants and Defendant City of Chicago deny the allegations of this paragraph.**

11. As a direct and proximate result of one or more of the aforesaid acts or omissions of the DEFENDANT OFFICERS, PLAINTIFF was caused to suffer damages.

**ANSWER: Individual Defendants and Defendant City of Chicago deny the allegations of this paragraph.**

12. In addition, as a direct and proximate result of one or more of the aforesaid acts or omissions of the DEFENDANT OFFICERS, PLAINTIFF'S criminal history incorrectly reflects a finding of guilty as to the January 19, 2007 solicitation charge, despite the fact that PLAINTIFF was found not guilty. Records reflect the finding of not-guilty, as well.

**ANSWER: Individual Defendants are without knowledge or information sufficient to form a belief as to the truth of this allegation. Defendant City of Chicago denies that plaintiff's criminal history states "Plea/Guilty-Finding of Guilty" as to the January 19, 2007 solicitation charge. Defendant City of Chicago is without knowledge or information sufficient to admit or deny the remaining allegation of this paragraph.**

13. On or about January 19, 2007, the DEFENDANT OFFICERS were on duty at all times relevant to this complaint and were duly appointed police officers for the CITY OF CHICAGO. The DEFENDANT OFFICERS engaged in the conduct complained of, on said date, in the course and scope of employment and while on duty. This action is being brought with regard to the individual capacity of the DEFENDANT OFFICERS.

**ANSWER: Individual Defendants and Defendant City of Chicago admit Individual Defendants were on January 19, 2007 duly appointed officers for the City of Chicago and this action is being brought in regard to the individual capacity of Individual Defendants.**

Below:

**Individual Defendants and Defendant City of Chicago deny any wrongful or illegal conduct as to "conduct complained of".**

14.    Upon information and belief, the DEFENDANT OFFICERS, on or about January 19, 2007, came into physical contact with PLAINTIFF.

**ANSWER:  Individual Defendants and Defendant City of Chicago admit the allegation in this paragraph.**

## CONSPIRACY

15.    Some or all of the DEFENDANT OFFICERS conspired to cause damage to PLAINTIFF in the following manner:

   a.  agreeing to falsely arrest and/or falsely institute criminal charges/proceedings against the PLAINTIFF;
   b.  agreeing to have PLAINTIFF'S car impounded and towed without probable cause;
   c.  agreeing not to report each other after falsely arresting and/or charging PLAINTIFF;
   d.  generating false documentation to cover-up for their own and each other's misconduct;

**ANSWER: Individual Defendants and Defendant City of Chicago deny the allegation contained in paragraph 15 of Plaintiff's complaint.**

16.    In connection with the above conspiracy, the DEFENDANT OFFICERS specifically engaged in communication on or about January 19, 2007, whereby the DEFENDANT OFFICERS agreed to facilitate, engage in and support the activity which occurred in connection with the allegations immediately above. As a result of this conspiracy, the DEFENDANT OFFICERS by and through their conduct, proximately caused PLAINTIFF to, inter alia, suffer injury, be charged with criminal allegations, incur financial loss, including attorney's fees, and suffer emotionally.

**ANSWER:  Individual Defendants and Defendant City of Chicago deny the allegation contained in paragraph 16 of Plaintiff's complaint.**

## EQUAL PROTECTION

17.     PLAINTIFF was a "Class of One." In that regard, PLAINTIFF was treated with ill will and/or discriminated against with no rational basis. PLAINTIFF was intentionally treated differently as a result of having a potential claim and witnessing police misconduct attributable to the DEFENDANT OFFICERS. The DEFENDANT OFFICERS acted with discriminatory intent by treating PLAINTIFF differently and trying to cause further injury to PLAINTIFF by generating false evidence against PLAINTIFF. Further, PLAINTIFF was similarly situated to other individuals involved in incidents with police officers that were not the victims of police misconduct and/or potential claimants against Chicago Police Officers.

**ANSWER:** Individual Defendants and Defendant City of Chicago have moved to dismiss Count IV, § 1983 Equal Protection - Class of one, and make no answer to paragraph 17 of Plaintiff's complaint.

## COUNT I
### §1983 False Arrest

18.     PLAINTIFF re-alleges paragraphs 1 - 17 as though fully set forth herein.

**ANSWER:** Individual Defendants and Defendant City of Chicago adopt and re-allege their answers to paragraphs 1 - 17 as though fully set forth herein.

19.     The actions of the DEFENDANT OFFICERS caused the arrest of the PLAINTIFF without probable cause to believe that PLAINTIFF committed criminal activity. Therefore, the conduct of the DEFENDANT OFFICERS was in violation of the Fourth Amendment to the United States Constitution.

**ANSWER:** Individual Defendants and Defendant City of Chicago deny the allegations in this paragraph.

20.     The aforementioned actions of the DEFENDANT OFFICERS were the direct and proximate cause of the Constitutional violations set forth above.

**ANSWER:** Individual Defendants and Defendant City of Chicago deny the allegations in this paragraph.

## COUNT II
### False Arrest -State Claim

6

21.　　PLAINTIFF re-alleges paragraphs 1 - 17 as though fully set forth herein.

**ANSWER:  Individual Defendants and Defendant City of Chicago adopt and re-allege their answers to paragraphs 1 - 17 as though fully set forth herein.**

22.　　The DEFENDANT OFFICERS arrested PLAINTIFF without probable cause to believe that PLAINTIFF committed criminal activity.  The conduct of the DEFENDANT OFFICERS was in violation of the Constitution to the State of Illinois as well as Illinois law.

**ANSWER:  Individual Defendants and Defendant City of Chicago deny the allegations in this paragraph.**

23.　　The aforementioned actions of the DEFENDANT OFFICERS were the direct and proximate cause of the violations set forth above.

**ANSWER:  Individual Defendants and Defendant City of Chicago deny the allegations in this paragraph.**

### COUNT III
### Malicious Prosecution - State Claim

24.　　PLAINTIFF re-alleges paragraphs 1 - 17 as though fully set forth herein.

**ANSWER:  Individual Defendants and Defendant City of Chicago adopt and re-allege their answers to paragraphs 1 - 17 as though fully set forth herein.**

25.　　The DEFENDANT OFFICERS alleged that PLAINTIFF violated the laws of the State of Illinois.  These allegations commenced or continued a criminal proceeding against PLAINTIFF. These allegations were also the basis for the impoundment of PLAINTIFF'S vehicle.

**ANSWER:  Individual Defendants and Defendant City of Chicago deny the allegations in this paragraph.**

26.　　The DEFENDANT OFFICERS engaged in this effort without probable cause.

**ANSWER:  Individual Defendants and Defendant City of Chicago deny the allegations in this paragraph.**

27. The underlying criminal charges were ultimately resolved in favor of PLAINTIFF.

**ANSWER:  Individual Defendants P. Quinn # 4646, C. Mitchell # 6304 are without knowledge or information sufficient to form a belief as to the truth of this allegation. Individual Defendant A. Price # 7552 and Defendant City of Chicago admit that Plaintiff was found not guilty.**

28. The underlying criminal charges were resolved in a manner indicative of innocence.

**ANSWER:  Individual Defendants and Defendant City of Chicago deny the allegations in this paragraph.**

29. The administrative hearing regarding the impoundment was ultimately resolved in favor of the PLAINTIFF.

**ANSWER:  :  Individual Defendants P. Quinn # 4646, C. Mitchell # 6304 are without knowledge or information sufficient to form a belief as to the truth of this allegation.  Individual Defendant A. Price # 7552 and Defendant City of Chicago admit the allegation in this paragraph.**

30. The aforementioned actions were the direct and proximate cause of the violations of Illinois State Law, as set forth above.

**ANSWER:  Individual Defendants and Defendant City of Chicago deny the allegations in this paragraph.**

## COUNT IV
### § 1983 Equal Protection - Class of One

31. PLAINTIFF re-alleges paragraphs 1 - 17 as though fully set forth herein.

**ANSWER:  Individual Defendants and Defendant City of Chicago have moved to dismiss Count IV, § 1983 Equal Protection - Class of one, and make no answer to**

paragraph 31 of Plaintiff's complaint.

32.     The actions of THE DEFENDANT OFFICERS violated the Equal Protection clause to the United States Constitution.

**ANSWER:  Individual Defendants and Defendant City of Chicago have moved to dismiss Count IV, § 1983 Equal Protection - Class of one, and make no answer to paragraph 32 of Plaintiff's complaint.**

33.     The aforementioned actions of said OFFICERS were the direct and proximate cause of the constitutional violations set forth above.

**ANSWER:  Individual Defendants and Defendant City of Chicago have moved to dismiss Count IV, § 1983 Equal Protection - Class of one, and make no answer to paragraph 33 of Plaintiff's complaint.**

**COUNT V**
**745 ILCS 10/9-102 Claim Against the CITY OF CHICAGO**

34.     PLAINTIFF re-alleges paragraphs 1 - 17 as though fully set forth herein.

**ANSWER:  Individual Defendants and Defendant City of Chicago adopt and re-allege their answers to paragraphs 1 - 17 as though fully set forth herein.**

35.     Defendant CITY OF CHICAGO is the employer of the DEFENDANT OFFICERS alleged above.

**ANSWER:  Defendant City of Chicago admits that it employs Individual Defendants.**

36.     The DEFENDANT OFFICERS, as alleged above, committed the acts under color of law and in the scope of employment of the CITY OF CHICAGO.

**ANSWER:  Defendant City of Chicago admits color of law and scope of employment but denies that Individual Defendants committed the any wrongful or illegal conduct.**

## COUNT VI
## Supplementary Claim for *Respondeat Superior*

37.     PLAINTIFF re-alleges paragraphs 1 - 17 as though fully set forth herein.

**ANSWER:  Individual Defendants and Defendant City of Chicago adopt and re-allege their answers to paragraphs 1 - 17 as though fully set forth herein.**

38.     The aforesaid acts of the DEFENDANT OFFICERS were in the scope of employment and therefore the Defendant CITY OF CHICAGO, as principal, is liable for the actions of its agent(s) under the doctrine of respondeat superior.

**ANSWER: Individual Defendants deny they committed any wrongdoing for which the City of Chicago has any liability under the doctrine of *respondeat superior*.**

## COUNT VII
## Injunctive Relief

39.     PLAINTIFF re-alleges paragraphs 1 -17 as though fully set forth herein.

**ANSWER:  Individual Defendants and Defendant City of Chicago adopt and re-allege their answers to paragraphs 1 - 17 as though fully set forth herein.**

40.     The actions of THE DEFENDANT OFFICERS were the direct and proximate cause of the incorrect entry of a disposition of guilty regarding the solicitation charge on PLAINTIFF'S criminal history.

**ANSWER:  Individual Defendants and Defendant City of Chicago deny the allegation in this paragraph.**

41.     This record on PLAINTIFF'S criminal history is incorrect and prejudicial and damaging to the PLAINTIFF.

**ANSWER:  Individual Defendants and Defendant City of Chicago deny the allegation in this paragraph.**

WHEREFORE, Individual Defendants and Defendant City of Chicago request judgment in their favor and against plaintiff on all counts and claims in the complaint, dismissal of this cause with prejudice and costs and such other relief this court deems appropriate.

## Fed. R. Civ. P. 12(b)(6) DEFENSES

1. Plaintiff has failed to allege facts sufficient to support a claim under 42 U.S.C. § 1983, for false arrest/ false imprisonment as a matter of law against Individual Defendants.

2. Plaintiff has failed to allege facts sufficient to support a claim under 42 U.S.C. § 1983 Equal Protection, Class of One, as a matter of law against Individual Defendants.

3. Plaintiff has failed to allege facts sufficient to support his claim under Illinois Law for False Arrest as a matter of law against Individual Defendants.

4. Plaintiff has failed to allege facts sufficient to support his claim under Illinois Law for Malicious Prosecution as a matter of law against Individual Defendants.

5. An award to punitive damages would deprive Individual Defendants of due process of law in violation of the fifth and Fourteenth Amendments to the United States Constitution where:

    (a) liability for punitive damages has not been proven beyond a reasonable doubt, or at least by clear and convincing evidence;

    (b) the award of punitive damages is disproportionate to actual damages.

## AFFIRMATIVE DEFENSES

1. Individual Defendants are government officials, namely police officers, who perform discretionary functions. At all times material to the event alleged in the Complaint, a reasonable police officer objectively viewing the facts and circumstance that confronted Individual

11

Defendants could have believed their actions to be lawful, in light of established law and the information the Individual Defendants possessed. Therefore, Individual Defendants are entitled to qualified immunity on Plaintiff's 42 U.S.C. § 1983 claims.

2. As to any state claims under Illinois law, under the Local Governmental and Governmental Employees Tort Immunity Act (hereinafter "Illinois Tort Immunity Act"), Individual Defendants are not liable for any claim alleged because the decision to arrest and detain Plaintiff was based upon the information and circumstances known to Individual Defendants at the time and was a discretionary decision for which they are immune from liability. 745 ILCS 10/2-201.

3. Individual Defendants were working as police officers at the time of this incident. Therefore, as to all claims under Illinois Law, pursuant to the Illinois Tort Immunity Act, Defendants are not liable for any state law claim alleged because public employees are not liable for their acts or omissions in the execution or enforcement of any law, unless such acts or omissions constitute wilful and wanton conduct. 745 ILCS 10/2-202.

4. Where Individual Defendants may be liable in damages, the amount of damages to which Plaintiff would otherwise be entitled must be reduced by application of principles of comparative fault, in proportion to the amount of the intentional, willful and wanton or negligent conduct of the Plaintiff which was the proximate cause of his injuries or damages.

5. Individual Defendants are not liable for any injury caused by the act or omission of another person. 745 ILCS 10/2-204.

6. To the extent Plaintiff failed to mitigate any of his claimed injuries or damages, any verdict or judgment obtained by Plaintiff must be reduced by application of the principle that

Plaintiff has a duty to mitigate his claimed injuries and damages, commensurate with the degree of failure to mitigate attributed to Plaintiff by the jury in this case.

## JURY DEMAND

Individual Defendants and Defendant City of Chicago request trial by jury.

WHEREFORE, Individual Defendants and Defendant City of Chicago request judgement in their favor and against Plaintiff on all counts and claims in the complaint, dismissal of this cause with prejudice and costs and such other relief this court deems appropriate.

Respectfully submitted,

/s/   Joel G. Sandoval
JOEL SANDOVAL
Assistant Corporation Counsel

30 N. LaSalle Street
Suite 1400
Chicago, Illinois 60602
(312) 742-5146
(312) 744-6566 (Fax)
Atty. No. 06290664