IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DARRELL M. JONES,<br><br>    Plaintiff,<br><br>    v.<br><br>A. L. PRICE #7552, P. T. QUINN #4646, C. MITCHELL #6304, and the CITY OF CHICAGO,<br><br>    Defendants. | No.  08-cv-204<br><br>JUDGE BUCKLO<br><br>MAGISTRATE JUDGE SCHENKIER |

**PLAINTIFF'S RESPONSE TO INDIVIDUAL DEFENDANTS'
MOTION TO DISMISS COUNT IV OF PLAINTIFF'S COMPLAINT**

NOW COME PLAINTIFF, by and through his attorneys, HORWITZ, RICHARDSON & BAKER, LLC., and hereby submit their Response to Individual Defendants' Motion to Dismiss Count IV of Plaintiff's complaint.

**INTRODUCTION**

This is a §1983 police misconduct case arising from a January 19, 2007 incident in which Plaintiff was falsely charged with soliciting prostitution.  Plaintiff alleges §1983 False Arrest, and §1983 Equal Protection "Class of One" claims, as well as state claims.  The Individual Defendants have moved to dismiss Plaintiff's Equal Protection claim on the basis that this claim is repetitive of his other claims and Plaintiff has not identified others similarly situated.

**PLAINTIFF'S EQUAL PROTECTION CLAIM IS NOT REPETITIVE OF HIS FALSE
ARREST CLAIM**

In his complaint Plaintiff alleges, with respect to his Equal Protection claim, that he was "was intentionally treated differently as a result of having a potential claim and witnessing police misconduct attributable to the DEFENDANT OFFICERS" and that, "The DEFENDANT

1

OFFICERS acted with discriminatory intent by treating PLAINTIFF differently and trying to cause further injury to PLAINTIFF by generating false evidence against PLAINTIFF." (Complaint Para. 17) These allegations are different from a claim for false arrest. A claim for false arrest must allege that a plaintiff was arrested by the defendant with out probable cause. Plaintiff's allegations go beyond that and allege separate and distinct conduct.

Defendants cite to *Lindell v. Huibregtse* 205 Fed.Appx. 446 C.A.7 (Wis.), 2006, a non-precedential, opinion cited in violation of Fed.R.App.P 32.1, for their assertion that Plaintiff's Equal Protection claim is duplicative of his False Arrest claim. In *Lindell*, an inmate, white supremacist gang member, and frequent appellate pro se litigant[1], brought a number of lawsuits under a variety of theories challenging prison officials' confiscation of white supremacist gang literature. In *Lindell v. Huibregtse*, the court held, *inter alia*, that Lindell's claims arose under the Establishment Clause and the Free Speech Clause of the First Amendment (claims already dismissed by the court) and could not be saved by attaching a different constitutional label to them. Plaintiff's instant equal protection claim alleges disparate treatment and thus, even if *Lindell v. Huibregtse* were precedential, it would still be inapplicable.

In the instant case Plaintiff alleges, in relevant part, that he witnessed police misconduct (i.e. his own false arrest) and that the Defendant Officers treated him differently and trying to cause him further injury by generating false evidence (i.e. a police report). This conduct, as alleged, goes well beyond a false arrest, is not duplicative of said claim, and as such should not be dismissed.

---

[1] See *Lindell v. Casperson,* 360 F.Supp.2d 932, 956-57 (W.D.Wis.2005), *Lindell v. Govier,* 169 Fed. Appx. 999 (7th Cir.2006), and *Lindell v. McCallum,* 352 F.3d 1107, 1110 (7th Cir.2003).

## PLAINTIFF HAS PROPERLY ALLEGED THE IDENTITY OF
## SIMILARY SITUATED INDIVIDUALS

For an equal protection class of one claim to survive a Rule 12(b)(6) motion to dismiss, a complaint need only allege that a plaintiff "has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000). Equal Protection Class of One claims will prevail under the Rule 12(b)(6) standard if "relief could be granted under any set of facts that could be proved consistent with the allegations." *Baumgardner v. County of Cook*, 108 F.Supp.2d 1041, 1055 (N.D.Ill., 2000).

Complaints that simply state the facts in a way that lays out the elements of an equal protection class of one claim will survive a Rule 12(b)(6) motion to dismiss. *Angsten v. Blameuser*, 2005 WL 3095513, *2 (N.D.Ill., 2005). The Complaint includes all that is required for Plaintiffs to defeat Defendants' instant motion. However, Defendants claim that Plaintiff has not alleged a class of people who are similarly situated to Plaintiff or that these people are prima facie identical in every meaningful aspect as required by *McDonald v. Village of Winnetka* 371 F.3d 992, C.A.7 (Ill.), 2004. In *McDonald*, the plaintiff alleged an Equal Protection "Class of One" claim based on the allegation that the local fire department did not rule out all possible non-arson causes before making a determination of arson, as he claimed they did in every other instance of residential home fires[2]. The *McDonald* court found, *inter alia*, in affirming summary judgment, that McDonald had not presented evidence that the fire department ruled out all other possible causes of fire in other instances, and thus he had not shown he was similarly situated to others. *Id.*

---

[2] This was the second fire at McDonald's home in the span of three days. After the first fire, McDonald asserted his home was a total loss, a claim that was disputed by McDonald's insurer. *Id.* at 995.

In the instant case, Plaintiff alleges he was arrested without probable cause and thus had witnessed police misconduct, and had a claim against said officers. But unlike all other people who interact with police officers, Plaintiff had false evidence generated against him. (Complaint Para. 17)  Plaintiff alleges he is similarly situated to all others who witness police misconduct, or have claims against police officers (an unfortunately large class), this is all that is required to defeat a 12(b)6 motion to dismiss.  Plaintiff is required to plead that, without a rational basis, he was intentionally treated differently from similarly situated individuals.  Plaintiff's Complaint meets that burden, and accordingly, this Court should deny Defendants' Motion to Dismiss.

Respectfully submitted,

                                          s/Abbas Merchant_____
                                          Attorney for the Plaintiff

Horwitz, Richardson, & Baker, LLC.
20 S. Clark Street, Suite 500
Chicago, IL  60603
(312) 676-2100
(312) 372-7076 (Fax)