IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DARRELL M. JONES, | ) | |
| Plaintiff, | ) | No. 08 C 204 |
| | ) | |
| v. | ) | JUDGE BUCKLO |
| | ) | |
| CITY OF CHICAGO, Et. al., | ) | MAGISTRATE JUDGE SCHENKIER |
| Defendants. | ) | |

**INDIVIDUAL DEFENDANTS' REPLY TO PLAINTIFF'S RESPONSE**

Individual Defendant Police Officers A.L. Price, P.T. Quinn, C. Mitchell ("Individual Defendants") and Defendant City of Chicago, by and through their attorney, Joel G. Sandoval, Assistant Corporation Counsel of the City of Chicago, reply to *Plaintiff's Response to Individual Defendants' Motion to Dismiss Count IV of Plaintiff's Complaint*.

**ARGUMENT**

1. **Repetitive Claims**

Plaintiff asserts the allegations in his Equal Protection claim differ from his false arrest claim. Plaintiff states "a claim for false arrest must allege that a plaintiff was arrested by the defendant with out probable cause." *See* Doc. 28, Resp. 2. Plaintiff further alleges separate and distinct conduct. The separate and distinct conduct is: (1) "that he witnessed police misconduct (i.e. his own false arrest)," (2) "Defendant Officers treated him differently," and (3) "trying to cause him further injury by generating false evidence (i.e. a police report)." *Id.* To witness police misconduct where the misconduct is one's own false arrest would create a cause of action for just that.

The first inquiry in any § 1983 suit is "to isolate the precise constitutional violation with which the defendant is charged." *Graham v. Connor*, 490 U.S. 386, 394 (1989). As to Plaintiff's

1

allegation that he was treated differently, the conduct alleged is that he was falsely arrested. Thus, the equal protection claim is repetitive of Plaintiff's false arrest claim. Moreover, the correct standard is to be intentionally treated different from others similarly situated. Finally, the act of "trying to cause further injury by generating false evidence (i.e. a police report)" also speaks to the Plaintiffs false arrest cause of action, not to an equal protection violation.

Plaintiff states that Defendant's use of *Lindell v Huibregtse*, 205 Fed.Appx. 446 C.A.7(Wis), 2006, is inapplicable because the citation is not precedential and in violation of Fed.R.App.P 32.1. Federal Rules of Appellate Procedure govern the procedure in the United States Court of appeals. Defendant agrees with plaintiff that the facts in *Lindell* should not have been cited. However, the Defendants reasoning that Plaintiff could not "save or expand those claims by attaching an additional constitutional label to them" can be found in *Conyers v. Abitz*, 416 F.3d 580 (7th Cir. 2005). Additionally, the court in *Lindell* reasons that constitutional claims must be addressed under the most applicable provision citing *Graham v. Connor*, 490 U.S. 386 (1989). Both of these cases were separately cited for the legal propositions and reasoning.

2. **Similarly Situated**

Plaintiff alleges that his complaint has all that is required to survive a Rule 12 (b)(6) motion to dismiss. Specifically, "plaintiff alleges he was arrested without probable cause and thus has witnessed police misconduct, and had a claim against said officers." *See* Doc. 28, Resp. 4. Additionally, "plaintiff had false evidence generated against him." *Id.* Plaintiff's identifies an extraordinarily broad class of similarly situated individuals when stating he is "similarly situated to other individuals involved in incidents with police officers that were not the victims of police misconduct and/or potential claimant against Chicago Police Officer." *See* Doc. 1, *Complaint*, ¶ 17.

Plaintiff's response, however, "alleges he is similarly situated to all others who witness police misconduct, or have claims against police officers (an unfortunately large class),...." *See* Doc. 28, Resp. P 4. Thus, Plaintiff's response seeks to broaden the class further to "all others who witness police misconduct."

It is unclear who "all others who witness police misconduct, or have claims against police officers" actually includes. For instance, similarly situated could refer to (1) all others who personally witnessed police misconduct, (2) all others who witnessed police misconduct on television or other media outlets, (3) all others who where victims of police misconduct, (4) all those with federal claims, (5) all those with state claims, or (6) all those with any complaint. A "class of one" plaintiff must demonstrate that individuals similarly situated are identical in every meaningful respect. *Sellers v. City of Gary*, 453 F.3d 848, 850 (7th Cir. 2006). Plaintiff fails to identify a similarly situated class and fails to demonstrate how he is identical in every meaningful respect to "all others who witness police misconduct, or have claims against police officers."

WHEREFORE, Individual Defendants and Defendant City of Chicago respectfully request this honorable Court dismiss Count IV of Plaintiff's Complaint for failure to state a cognizable claim as a matter of law under the equal protection clause.

Respectfully Submitted,

/s/   Joel G. Sandoval
Joel G. Sandoval
Assistant Corporation Counsel

City of Chicago Department of Law
30 North LaSalle Street, Suite 1400
Chicago, Illinois 60602
312.742.5146
Attorney No.: 06290664